

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00209-CR

**GRADY AARON BOYETT,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 278th District Court
Walker County, Texas
Trial Court No. 28357

## MEMORANDUM OPINION

The jury found Grady Aaron Boyett guilty of the offense of failure to register as a

sex offender, and the trial court assessed his punishment at twenty years in prison. Boyett

was sentenced accordingly. This appeal ensued. In a single issue, Boyett argues that a

material variance exists between the evidence presented at trial and the offense alleged

in the indictment. We will reverse and render a judgment of acquittal.

**Factual and Procedural Background**

Boyett was charged by indictment with failing to comply with a specific provision of the Sex Offender Registration Act. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.001–62.408. The indictment alleged that:

> on or about the 8th day of March, 2017, and anterior to the presentment of this indictment, in the County and State aforesaid GRADY AARON BOYETT did then and there, while knowing that he was required to register with the local law enforcement authority in Walker County where the defendant *resided or intended to reside for more than seven days*, to wit: Walker County, because of a reportable conviction for Aggravated Sexual Assault, the defendant *failed to register* with the local law enforcement in Walker County. [Emphases added.]

After the jury found Boyett guilty, an agreement was reached for the State to recommend to the trial judge a punishment of twenty years in prison. The trial judge accepted the State's punishment recommendation and assessed Boyett's punishment accordingly. The trial court certified Boyett's right to appeal as to the guilt/innocence phase only.

**Issue**

In his sole issue, Boyett contends that the evidence at trial is insufficient to support his conviction because a material variance exists between the indictment and the evidence presented at trial.

AUTHORITY

The Court of Criminal Appeals has expressed our standard of review of sufficiency issues as follows:

When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). . . .

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.; see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732–33 (Tex. Crim. App. 2018).

A variance occurs when there is a discrepancy between the allegations in the charging instrument and the evidence presented at trial. *Johnson v. State*, 364 S.W.3d 292, 294 (Tex. Crim. App. 2012). "In a variance situation, the State has proven the defendant guilty of a crime but has proven its commission in a manner that varies from the allegations in the charging instrument." *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).

In an evidentiary-sufficiency analysis, there are two types of variances: material and immaterial variances. *Thomas v. State*, 444 S.W.3d 4, 9 (Tex. Crim. App. 2014). A variance is material if it: (1) fails to adequately inform the defendant of the charge against

him or (2) subjects the defendant to the risk of being prosecuted later for the same crime. *Ramjattansingh v. State*, 548 S.W.3d 540, 547 (Tex. Crim. App. 2018); *Gollihar*, 46 S.W.3d at 258. A sufficiency review does not rest on how the jury was instructed, but we review whether the evidence supports the elements of the charged crime. *Walker v. State*, 594 S.W.3d 330, 335–36 (Tex. Crim. App. 2020). The elements of the charged crime are defined by the hypothetically correct jury charge that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* at 336. "As authorized by the indictment" means the statutory elements of the offense as modified by the charging instrument. *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 244 (Tex. Crim. App. 2019). "Only material variances will affect the hypothetically correct jury charge" and render the evidence legally insufficient. *Hernandez v. State*, 556 S.W.3d 308, 312 (Tex. Crim. App. 2017). On the other hand, "[a]llegations giving rise to immaterial variances may be disregarded in the hypothetically correct [jury] charge." *Gollihar*, 46 S.W.3d at 257.

In addition to the foregoing, variances can occur in two different ways. *Hernandez*, 556 S.W.3d at 313. The first way—called a statutory variance—involves the statutory language that defines the offense and occurs when the State's proof at trial deviates from the statutory theory of the offense as alleged in the indictment. *Id.* This type of variance is always material and renders the evidence legally insufficient to support the conviction.

*Id.* The second way—called a non-statutory variance—occurs when the State's proof deviates from a "'non-statutory allegation that is descriptive of the offense in some way.'" *Id.* at 313–14 (quoting *Johnson*, 364 S.W.3d at 294). A non-statutory variance can be either material or immaterial, depending on whether it would result in a different offense than what the State alleged in the indictment. *Id.* at 314.

"Chapter 62 of the Texas Code of Criminal Procedure broadly sets forth the requirements governing sex offender registration in this state." *Herron v. State*, 625 S.W.3d 144, 153 (Tex. Crim. App. 2021). Chapter 62 is comprised of numerous separate articles establishing the various requirements with which individuals subject to its terms must comply. *Id.* Some of the requirements imposed by Chapter 62 upon individuals required to register include "the duty to register as a sex offender, the duty to change online identifiers, the duty to report a regularly visited location, the duty to report one's status as a sex offender when applying for a driver's license, as well as the duty to report any change of address." *Young v. State*, 341 S.W.3d 417, 425 (Tex. Crim. App. 2011) (footnotes and citations omitted).

DISCUSSION

The indictment charged Boyett with violating his duty to register with the local law enforcement authority where he resided or intended to reside for more than seven days, as required by article 62.051(a) of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 62.051(a). The indictment did not allege that Boyett failed to verify

his registration information every ninety days, as required by article 62.058(a) of the Code of Criminal Procedure, or that he failed to report a change of address, as required by article 62.055(a) of the Code of Criminal Procedure. *See id.* arts. 62.055(a), 62.058(a). Because the indictment did not allege any other violations of Chapter 62, the State was limited to its article 62.051(a) allegation that Boyett failed to register with the local law enforcement authority where he resided or intended to reside for more than seven days. *See Ramjattansingh*, 548 S.W.3d at 546; *see also Johnson*, 364 S.W.3d at 298–99.

Article 62.102(a), commonly referred to as an "umbrella" provision, criminalizes any failure to comply with a Chapter 62 requirement. *Young*, 341 S.W.3d at 425 (citing TEX. CODE CRIM. PROC. ANN. art. 62.102(a) ("A person commits an offense if the person is required to register and fails to comply with any requirement of this chapter.")); *see Robinson v. State*, 466 S.W.3d 166, 170 (Tex. Crim. App. 2015). The Court of Criminal Appeals in *Herron v. State*, which issued on June 30, 2021, after the present case was tried, such that the State did not have its benefit when charging or trying the present case, held that because of the generalized nature of article 62.102(a), a conviction under the statute requires the factfinder to identify and unanimously agree about the violation of a single statutory duty. *Herron*, 625 S.W.3d at 153 (citing *Young*, 341 S.W.3d at 425). "Thus, while [a]rticle 62.102(a) may be used to prosecute any failure to comply with sex offender registration obligations, the State must allege and prove, and the fact-finder must unanimously find, that the defendant has committed 'one specific statutory failure'—a

violation of a discrete statutory provision within the numerous requirements of Chapter 62." *Id.* (quoting *Young*, 341 S.W.3d at 425).

Here, both the indictment and the judgment of conviction referenced the umbrella provision—article 62.102(b)(3). *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(3).

At trial, three sex-offender-registration forms that had been signed by Boyett on April 20, 2011, in Walker County, Texas, were admitted into evidence as State's Exhibits 1, 2, and 3. A former clerk with the Walker County Sheriff's Office's Criminal Investigation Division testified that State's Exhibit 1 indicated that Boyett was required to verify his registration every ninety days. The former clerk acknowledged that at some point she became aware that Boyett was not in compliance and indicated that "it happened more than once, but when he moved to Louisiana, I - - ." The former clerk added that Boyett stopped reporting at some point, he never reported a change of address, and he never reported that he was moving to another county or state.

The State's second witness, a detective with the Walker County Sheriff's Office, testified that Boyett had not notified the Walker County Sheriff's Office of a change of address, which was a violation of his "registration requirements." As such, the detective "wrote a complaint for a warrant to be issued for the criminal offense of failing to update his registrations for his duty to register, lifetime, ninety days, second degree felony." According to the detective, the warrant issued, and after receiving a tip about Boyett's whereabouts, Boyett was subsequently arrested in New Orleans, Louisiana.

The State's evidence at trial showed that Boyett originally registered in Walker County in 2011 in compliance with article 62.051(a), that at some unspecified time he failed to verify his registration, and that at some unspecified time he moved to New Orleans without notifying the local law enforcement authority of his intention to change his address. This evidence could support a conviction for violations of article 62.058(a) of the Code of Criminal Procedure (failing to verify registration information every ninety days) or article 62.055(a) of the Code of Criminal Procedure (failing to report a change of address), but Boyett was not charged with violating either of these provisions of Chapter 62. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.055(a), 62.058(a).

The offense alleged in the indictment against Boyett under article 62.051(a) creates a duty to notify the local law enforcement authority in any municipality or county where a sex offender resides or intends to reside for more than seven days. Reporting a sex offender's residence or intended residence for a period of more than seven days not later than the seventh day after the sex offender's arrival by *registering*, and reporting a sex offender's residence or intended residence for a period of more than seven days not later than the seventh day after the sex offender's arrival by *verifying*, are alternative manner and means of committing a single offense. Here, the indictment charged Boyett with violating article 62.051(a) by failing to *register*.

No evidence was presented to show that Boyett failed to register in violation of article 62.051(a), as alleged in the indictment. Rather, the evidence supported what

appears to be offenses in violation of other separate and discrete provisions of Chapter 62 of the Code of Criminal Procedure—articles 62.055 (change of address provision) and 62.058 (recurring verification provision). *See id.* arts. 62.055(a), 62.058(a).

The State argues that when Boyett failed to verify his registration he was automatically "de-registered." The State cites no authority for its position that failing to verify registration information amounted to a "de-registration." And even if it did cause a "de-registration," there is no evidence, other than Boyett's initial move to Walker County in 2011, that he ever returned after leaving Walker County and resided or intended to reside for more than seven days in Walker County, thus triggering his duty to register under article 62.051(a).

The evidence deviated from the statutory theory of the offense alleged in the indictment—article 62.051(a). *See id.* art. 62.051(a). Thus, we conclude that the variance at issue is properly characterized as a statutory variance. While the State may have proven the defendant guilty of a crime, it has proven its commission in a manner that varies from the allegations in the indictment. *See Gollihar*, 46 S.W.3d at 246. Such a variance is always a material variance and renders the evidence legally insufficient to support the conviction. *See Hernandez*, 556 S.W.3d at 313. Accordingly, we sustain Boyett's legal-sufficiency challenge.

## Conclusion

Based on the foregoing, we reverse the trial court's judgment of conviction and render a judgment of acquittal.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Rose[1]
Reversed and rendered
Opinion delivered and filed February 2, 2022
Do not publish
[CR25]



---

[1] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.